OPINION OF THE COURT
Thomas J. McNamara, J.
*955 In August 2005 petitioner Kimberley’s sought a determination from the New York State Comptroller regarding the application of Abandoned Property Law § 1315 to gift certificates sold by petitioner. Two questions were submitted to respondent:
(1) “Is the unclaimed amount of an expired gift certificate deemed abandoned property after five years under section 1315 of the Abandoned Property Law, despite the earlier expiration of the certificate?” and
(2) “Is Kimberley’s required to report as abandoned property and pay over the unclaimed amount of the expired gift certificates, despite its legitimate contract right to and expectation of the profit from the sale of the gift certificate?”
In response to the first query, the Comptroller determined that the unclaimed amount of an expired gift certificate is deemed abandoned property after five years despite the earlier expiration of the certificate. The Comptroller also determined that Kimberley’s is required to report as abandoned property and pay over the entire unclaimed amount of the expired gift certificate notwithstanding any claim of profit from the sale of the gift certificate.
Petitioner brought this proceeding to challenge those determinations as affected by an error of law and irrational and capricious. More specifically, petitioner contends that in making the determinations the Comptroller improperly interpreted Abandoned Property Law § 1315 so as to disregard Kimberley’s legally binding gift certificate contract. Petitioner also argues that the statute was interpreted in an unconstitutional manner in that the determination deprived Kimberley’s of property without just compensation and without due process of law. Petitioner also maintains that section 1315 is unconstitutional on its face.
Abandoned Property Law § 1315 provides that any unclaimed amount representing unredeemed gift certificates sold after December 31,1983, which has remained unclaimed by the owner of such amount for five years, shall be deemed abandoned property and be paid to the State Comptroller. The statute does not make any exception for gift certificates that expire prior to the five-year period. Thus, the interpretation that the unredeemed value of gift certificates escheats to the State after five years even if the certificate has expired is consistent with the language of the statute. Moreover, the result is not changed by the fact that under General Business Law § 396-i a merchant is not *956 required to honor an expired gift certificate.* Petitioner argues that the General Business Law provision means that the owner of a gift certificate has no further rights after the expiration of the certificate and, therefore, there is no property to be abandoned at that point. The argument, however, ignores the principal that statutes in pari materia must be construed with reference to each other (Matter of American Tel. & Tel. Co. v State Tax Commn., 93 AD2d 66, 73 [1983]). Thus, General Business Law § 396-i must be construed in a manner that is consistent with the purpose of Abandoned Property Law § 1315 which is to utilize unclaimed property for the benefit of all the people of the state (Abandoned Property Law § 102). The only interpretation that gives consistent meaning to both provisions is the conclusion reached by the Comptroller that although gift certificates may expire, they are nonetheless deemed abandoned property after five years.
Petitioner’s claim that Abandoned Property Law § 1315 is unconstitutional, or was interpreted in an unconstitutional manner by the Comptroller, is also without merit. Kimberley’s maintains that the sale of a gift certificate is a contract between it and the purchaser and that as a term of the contract, if the certificate is not used before the expiration date, the owner of the certificate has no right to redeem the certificate. Petitioner argues that the contract vests Kimberley’s with a right to the value of the certificate or, at a minimum, to the profit it expects to derive from the sale of the certificate. According to petitioner, Abandoned Property Law § 1315, as interpreted by the Comptroller, deprives Kimberley’s of its constitutionally protected contract right to the benefit of its gift certificate contracts and deprives it of private property without just compensation and without due process of law.
Abandoned Property Law § 1315 was amended in 1983 so as to apply to “unredeemed gift certificates sold after December thirty-first, nineteen hundred eighty-three” (L 1983, ch 41, § 1). Kimberley’s was incorporated in February 1994. Thus, from the time petitioner sold its first gift certificate, it was the public policy of this State, as expressed in section 1315, that the unclaimed amount of gift certificates not redeemed within five *957 years must be paid over to the Comptroller to be used for the benefit of the public. And, inasmuch as the contract clause applies only to the impairment of existing contracts (Kinney v Connecticut Jud. Dept., 974 F2d 313, 314 [1992]), Abandoned Property Law § 1315 did not impair petitioner’s contract rights because those rights are subject to the previously enacted statute. Moreover, the same principle undermines petitioner’s taking and due process claims. Petitioner’s claim that it had a property interest in unredeemed gift certificates is frustrated by a statute in existence at the time of the sale which declares that the value of those certificates escheats to the State. Because the statute deprived petitioner of any property interest in the unredeemed gift certificates, there could not be a taking and no process was due.
Respondent is awarded judgment declaring that, under Abandoned Property Law § 1315, (1) the unclaimed amount of an expired gift certificate is deemed abandoned property after five years despite the earlier expiration of the certificate, and (2) petitioner is required to report as abandoned property and pay over the entire unclaimed amount of the expired gift certificate notwithstanding any claim of profit from the sale of the gift certificate. Respondent is also awarded judgment declaring Abandoned Property Law § 1315 constitutional on its face and as applied to petitioner. Finally, respondent is awarded judgment dismissing those portions of the petition which sought to annul the August 17, 2005 determinations of the Comptroller.

 General Business Law § 396-i was amended in 2004 by adding a provision stating that the section shall not be construed to prevent unclaimed funds related to gift certificates from becoming abandoned under Abandoned Property Law § 1315. However, some portion of the gift certificates at issue were purchased before 2004 and, therefore, this provision is not relied on here.